```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA

ALBERT BEDIAKO,              )
                             )
        Plaintiff,           )
                             )
    v.                       )   Civil Action No. 06-2042(GK)
                             )
UNITED STATES OF AMERICA,    )
et al.                       )
                             )
                             )
                             )
        Defendants.          )
                             )
_____)
```

**MOTION TO DISMISS, OR IN THE ALTERNATIVE,**
**TO TRANSFER AND TO SUBSTITUTE**

The United States, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, moves the Court to dismiss all the defendants, except the United States in accordance with 28 U.S.C. § 2679(a)(b)(1) and pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1402(b), moves the Court to dismiss the case for improper venue, or in the alternative, to transfer the case to the appropriate District Court in Louisiana.

In support of this motion, the United States submits the attached Memorandum of Points and Authorities and Exhibits 1 and 2.

```
                         Respectfully submitted,

                         __/s/_____
                         JEFFREY A. TAYLOR, D.C. BAR # 498610
                         United States Attorney

                         __/s/_____
                         RUDOLPH CONTRERAS, D.C. BAR # 434122
                         Assistant United States Attorney

                         __/s/_____
                         DIANE M. SULLIVAN, D. C. BAR # 12765
                         Assistant United States Attorney
                         Judiciary Center Building
                         555 Fourth Street, N.W.
                         Room E4919
                         Washington, D.C. 20530
                         (202) 514-7205
```

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

ALBERT BEDIAKO,                )
                               )
          Plaintiff,           )
                               )
     v.                        )   Civil Action No. 06-2042(GK)
                               )
UNITED STATES OF AMERICA,      )
et al.                         )
                               )
                               )
          Defendants.          )
                               )
_____)
```

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS,
## OR IN THE ALTERNATIVE, TO TRANSFER AND TO SUBSTITUTE

### Introduction

The plaintiff is presently incarcerated in the Federal Detention Center (FDC) in Oakdale, Louisiana (Exhibit 1). Plaintiff alleges that 0n November 20, 2005, he tripped on the edge of a step at the FDC in Oakdale, Louisiana causing him to fall and suffer fractures to the right tibia and right distal fibula. Id.  He was treated at the FDC infirmary and then transferred to the LSU/Huey P. Long Medical Center in Louisiana for further treatment. Id.

On January 26, 2006, plaintiff, through his attorney, filed an administrative tort claim with the Bureau of Prisons (BOP). On August 28, 2006, the BOP denied plaintiff's administrative tort claim in accordance with 28 U.S.C. § 2672 (Exhibit 2). Plaintiff was advised that if he was dissatisfied with the

determination he could file suit within six months in the appropriate United States District Court (Exhibit 2)(emphasis supplied). On November 30, 2006, plaintiff filed suit in the United States District Court for the District of Columbia under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) et seq. against the United States, the Bureau of Prisons (BOP), Harley G. Lappin, Director of the Bureau of Prisons and Gerardo Maldonado Jr., Regional Director, South Central Region, BOP (Complaint, ¶¶ 4).

## Argument

### I. The Only Proper Defendant in a FTCA Case Is the United States

The Complaint asserts the common law tort of negligence on the part of the United States, Bureau of Prisons and two employees of the Bureau of Prisons and seeks a money judgment against all defendants. A Certification, pursuant to 28 U.S.C. § 2679(d), is filed with this motion, substituting the United States as the sole defendant in place of the other defendants (See attached Certification of Rudolph Contreras).

The FTCA, 28 U.S.C. § 2679(b)(1) provides in pertinent part:

> The remedy against the United States provided by the sections 1346 (b) and 2672 of this title [28] for injury or loss of property or personal injury death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose acts or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages

> arising out of or relating to the same subject matter against the employee's estate is precluded without regard to when the act or omission occurred.

Section 2679(d)(1) of the same Title provides in pertinent part:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court <u>shall</u> be deemed an action against the United States under provisions of this title and all references thereto, and the Untied States <u>shall</u> be substituted as the party defendant.

28 U.S.C. § 2679 (d)(1) (emphasis added).

Thus, where a certification, such as the one filed in this action, has been made, a federal defendant is entitled to the immunity conferred by section 2679. <u>United States v. Smith</u>, 499 U.S. 160, 163 (1991); <u>Brown v. Armstrong</u>, 949 F.2d 1007, 1010 (8th Cir. 1991). The immunity is triggered when the Attorney General or his designee certifies that a federal employee has been sued for conduct occurring within the scope of their employment. <u>Brown v. Armstrong</u>, 949 F.2d at 1010. Agencies and individual employees cannot be sued under the FTCA. 28 U.S.C. § 2679(a)(b)(1); <u>Richardson v. United States Department of Interior</u>, 740 F.Supp. 15, 20 n. 10, 26 (D.D.C. 1990); <u>Vanover v. Hartman</u>, 77 F.Supp. 2d 91, 97 (D.D.C. 1999); <u>Hagmeyer v. Department of Treasury</u>, 647 F. Supp. 1300, 1304-1305 (D.D.C. 1986).

The effect of the statute is clear. Once the Attorney General or his designee certifies that an individually sued federal defendant was acting within the scope of his employment, the United States must be substituted as the exclusive defendant for all common law tort claims.  Thus, the claims against the Bureau of Prisons, Harley G. Lappin and Gerardo Maldinado, Jr. must be dismissed under Rule 12(b)(1) for lack of jurisdiction.[1]

**II.   Venue Is Improper under 28 U.S.C. § 1402(b).**

Venue does not lie in this jurisdiction for plaintiff's claims under the FTCA.

> Any civil action on a tort claim against the United States under subsection (b) of section 1346 of [Title 28] may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or commission complained of occurred.

28 U.S.C. § 1402(b).[2] (emphasis supplied)

---

[1] Although the complaint asserts only a common law tort, it is unclear from the complaint if plaintiff is seeking to sue the individually named defendants in their individual capacities. The U.S. Attorney's Office has not sought authorization to represent the individually sued defendants in their individual capacity.  However, the United States asserts that if suit is sought against them in their individual capacities, they are entitled to an immunity defense and the defenses set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure, including improper service of process and lack of in personam jurisdiction (See R. 4, 5, 6, 7). See Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997); United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995).

[2] Under 28 U.S.C. § 1346(b):

Subject to the provisions of chapter 171 of [title 28] the district courts, together with the United States District Court for the District of the Canal Zone and

Therefore, where plaintiff does not reside in this district and the act complained of occurred outside this district, venue does not lie here. See Reuber v. United States, 750 F.2d 1039, 1046-48 (D.C. Cir. 1984); Bryant v. Carlson, 652 F. Supp. 1286, 1287 (D.D.C. 1987); Bartel v. Federal Aviation Admin., 617 F. Supp. 190, 198-99 (D.D.C. 1985).  Plaintiff in this action resides at the FDC in Oakdale, Louisiana and the events alleged in the complaint occurred in Louisiana.  Therefore, plaintiff's claims under the FTCA can not be brought in this District under the applicable venue provision.

**III. Improper Venue Compels Either Dismissal or Transfer.**

When an action is filed in an improper venue, the procedural remedy to be applied is found in the provisions of 28 U.S.C. § 1406(a), which permits the Court to dismiss or transfer the case.[3]  The decision whether to transfer or dismiss is entrusted

---

the District of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on or after January 1, 1945, for injury or loss of personal property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government..."

[3] In relevant part, 28 U.S.C. § 1406(a) provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

to the Court's discretion.  See Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Piper Aircraft v. Reyno, 454 U.S. 235, 253 & 257 (1981); Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983); Cellutech, Inc. v. Centennial Cellular Corp., 871 F. Supp. 46, 50 (D.D.C. 1994); Hayes, 546 F. Supp. at 665 ("Under [28 U.S.C. § 1406(a)], the decision as to whether a dismissal or transfer is appropriate is one committed to the discretion of the Court acting in the interests of justice."). See also General Elec., 686 F. Supp. at 362; Sconion v. Thomas, 603 F. Supp. 66, 67-68 (D.D.C. 1984); Hayes, 546 F. Supp. at 665.  As demonstrated above, venue is improper in this district because: (1) the plaintiff is incarcerated and resides in the FDC in Oakdale, Louisiana and the acts and omissions complained about occurred in Louisiana (Exhibit 1 and 2).

The Court should dismiss this complaint, which should never have been brought in this district.  However, should the Court choose to transfer rather than dismiss the complaint, it should transfer this case to the District Court in Louisiana because that is where the alleged tortuous conduct occurred and where the plaintiff resides.

**IV.  The Complaint Should Be Transferred to Louisiana under the Doctrine of Forum Non-Convenience.**

The preceding demonstrates that venue is not proper in the

District of Columbia over plaintiff's federal tort claim case, and accordingly it must be dismissed or transferred pursuant to 28 U.S.C. § 1406(b). Moreover, this case should also be transferred to the District of Louisiana pursuant to 28 U.S.C. § 1404(a). Darby v. United States Department of Energy, 231 F. Supp. 2d 274 (D.D.C. 2002).

This statutory provision provides "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). SEC v. Savoy Industries, 587 F.2d 1149, 1154 (D.C. Cir. 1978), cert. denied, 440 U.S. 913 (1979). Each of these conditions is satisfied in the present case. Under § 1404(a), a tort claim action may be transferred from the district in which it is brought, even though that may be a district in which venue could lie pursuant to 42 U.S. 1406(b), for the convenience of the parties and witnesses and in the interests of justice. See also Casarez v. Burlington Northern/Santa Fe Co., 193 F.3d 334, 339 (5th Cir. 1999) (affirming transfer of employment discrimination action, pursuant to § 1404(a) for the convenience of the parties and witnesses and in the interests of justice, to district where, inter alia, majority of fact witnesses lived and personnel files were kept).

In determining whether to transfer, the Court may consider:

(1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof. Airport Working Group of Orange County, Inc. v. United States DOD, 226 F. Supp .2d 227 (D.D.C. 2002) (hereinafter "AWG").

Though a plaintiff's choice of forum is entitled to some deference, a plaintiff's choice receives less weight where, as here, the operative facts occurred in another forum and the plaintiff does not reside in the forum. AWG, 226 F. Supp.2d at 230 (and cases cited therein). See also, Stewart v. Capitol Area Permanente Medical Group, 720 F. Supp. 3, 5 (D.D.C. 1989) (plaintiff's choice of forum is entitled to less weight when that forum is outside plaintiff's home jurisdiction); Khaaliq v. Pa. State Univ., 2002 U.S. Dist. LEXIS 9251 (E.D. Pa. 2002); Weber v. Basic Comfort, 155 F. Supp. 2d 283 (E.D. Pa. 2001). Moreover, "although plaintiff's choice of forum is entitled to great consideration, it is not determinative when other factors strongly militate, as they do here, in favor of transfer." Claasen v. Brown, No. 94-1018, 1996 WL 79490, Slip op. at *6 (D.D.C. 1996) (holding that where plaintiff lived "in close

proximity" to alternative forum, it was "of relatively minor importance" that plaintiff's lawyers maintained an office in the District of Columbia, and ordering that case be transferred).

In this case, the plaintiff resides in Louisiana and was allegedly injured in Louisiana.  All the fact-witnesses and medical witnesses that have been identified to date work and reside in Louisiana.  Medical records are located in Louisiana, the witnesses located in Louisiana are not subject to this Court's one hundred mile subpoena power.  Finally, plaintiff, who is incarcerated in Louisiana, may not be able to attend trial in this District Court and many of his witnesses may not be available for trial in this District.  The overwhelming weight of the equities dictates that this case belongs in Louisiana.

Courts in this Circuit must examine challenges to venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia.  Trout Unlimited v. U.S. Dept. of Agriculture, 944 F. Supp. 13, 17 (D.D.C. 1996) (citing Cameron v. Thornburgh, 983 F.2d 253 (D.C. Cir. 1993)).  Even if plaintiff's choice of forum is entitled to some deference, it is far from dispositive where, as here, the case has no contacts with the District of Columbia and where other factors militate strongly in favor of transfer, and there are no significant ties to the Washington D.C. area that weigh in favor of retaining jurisdiction within this district, except the

9

residence of counsel. Considerations of convenience and justice weigh in favor of transferring this action to Louisiana. Plaintiff's attempt ignore the venue provision 28 U.S.C. 1406(b) and to manufacture venue in this jurisdiction should be rejected.

Finally, the location of counsel is not a factor to be considered under the factors set forth in 28 U.S.C. § 1404. See Armco Steele Co. L.P. v. CSX Corp., 790 F. Supp. 311, 324 (D.D.C. 1991)(location of counsel carries little weight, if any weight in § 1404(a) analysis); Geological Inst. of Am. v. Trang Thi-Dai Phan, 145 F. Supp. 2d 68, 47 (D.D.C. 2001); c.f. Ernest & Young, 775F. Supp. 144, 415 (D.D.C. 1991)(if such relatively minor concerns [convenience of counsel] were able to defeat a motion to transfer, then every enforcement action, regardless of where the underlying events took place would be entertained in the District simply because the Agency [headquarters] is located here).

## CONCLUSION

For the foregoing reasons, the Court should dismiss all the defendants, except for the United States, and dismiss the complaint for improper venue. Alternatively, to serve the ends of justice and the convenience of the parties, the Court should transfer this case to the United States District Court for the District of Louisiana.

10

```
                         Respectfully submitted,

                          /s/
                         JEFFREY A. TAYLOR, D.C. BAR # 498610
                         United States Attorney

                          /s/
                         RUDOLPH CONTRERAS, D.C. Bar # 434122
                         Assistant United States Attorney

                          /s/
                         DIANE M. SULLIVAN, D. C. BAR # 12765
                         Assistant United States Attorney
                         Judiciary Center Building
                         555 Fourth Street, N.W.
                         Room E4919
                         Washington, D.C. 20530
                         (202) 514-7205
```

Of Counsel:
BRANDI A. CAIN, Esq.
Office of the General Counsel
Department of Agriculture

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALBERT BEDIAKO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>et al. )<br>)<br>)<br>)<br>Defendants. )<br>)<br>_____) | Civil Action No. 06-2042(GK) |

**CERTIFICATION**

    I, Rudolph Contreras, Chief of the Civil Division, Office of the United States Attorney for the District of Columbia, acting pursuant to the provisions of 28 U.S.C. § 2679(d), and by virtue of the authority delegated to the United States Attorney by 68 Fed. Reg. 74187, 74189 (Dec. 23, 2003) (updating Attorney General's delegation of authority, effective Jan. 22, 2004) (to be codified at 28 C.F.R. § 15.4), and first redelegated to me on March 20, 2006, 1998, hereby certify that I have read the complaint in Albert Bediako v. United States of America, Civil Action No. 06-2042 (D.C. D.C.), and that on the basis of the information now available to me with respect to the incidents alleged therein, I find that Defendants Harley G. Lappin and Geraldo Maldenado, Jr. were acting within the scope of his employment as employees of the United States at the time of the alleged incident.

March 1, 2007

                                      __/s/_____
                                      RUDOLPH CONTRERAS, D.C. BAR # 434122
                                      Assistant United States Attorney
                                      Chief, Civil Division

# Exhibit 1

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of the form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Department of Justice Bureau of Prisons, Central Office 320 First Street, NW Washington, D.C. 20534 | Albert Bediako #23994265 FDC Oakdale, P.O. Box 5010 Oakdale, LA 71463. Law Office of Regina Y. Kane, 1717 K Street, NW Suite 600, Washington, D.C. 20036 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. or P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☐ CIVILIAN | June 3, 1974 | Single | Sunday, November 20, 2005 | pm |

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

The injury occured at the FDC Oakdale in Oakdale Louisiana on 20 November 2005. It was in the PM during the dinner hour that Mr. Bediako was going down the stairs to the dining hall when he tripped on the thick black rubber edge of the step, which was broken. As a result he slipped and fell down the remaining steps to the floor of the stair case. The fall caused Mr. Bediako to suffer a fractured right tibia and a fractured right distal fibula, was unable to walk without assistance and experienced extreme pain. On 21 November 2005, the jail infirmary x-rayed Mr. Bediako's leg and placed him in a cast from his foot to his knee. He was also perscribed Tylenol 3. At that time, he was informed that he required treatment by an orthopedic specialist. However, the FDC Oakdale failed to provide such medical treatment until 13 December 2005. Mr. Bediako was allowed languish in extreme pain in excess of three weeks and delaying the healing process. On 13 December 2005, an Orthopedic Specialist at the LSU/ Huey P. Long Medical Center examined Mr. Bediako (see attached sheet)

9. PROPERTY DAMAGE
NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

10. PERSONAL INJURY/WRONGFUL DEATH
STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

Mr. Bediako has suffered a broken right leg and foot resulting from tripping and falling down a defective stair case. He has experienced extreme pain and a delayed healing due to FDC Oakdale failing to provide adequate and prompt medical treatment. He is physically disabled, requires a wheelchair for mobility, and may require surgery for his condition.

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| | FEB 2 1 2006 |

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| | 150,000.00 | | 150,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Regina J. Kane for Albert Bediako | 202 349 3971 | 26 Jan. 06 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.
Designed using Perform Pro, WHS/DIOR, Jun 98

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85) (EG)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

TRT-SCR-2006-01990 OKD

Exhibit 1

# Exhibit 2



**U.S. Department of Justice**

Federal Bureau of Prisons

*South Central Regional Office*

*4211 Cedar Springs Road, Suite 300*
*Dallas, Texas 75219*

<u>CERTIFIED MAIL</u>

AUG 2 8 2006

Regina Y. Kane, Esq.
1717 K Street, NW
Suite 600
Washington, D.C. 20036

Re: Administrative Tort Claim No. TRT-SCR-2006-01990
    BEDIAKO, Albert; Reg. No. 23994-265

Dear Ms. Kane:

Your client's claim has been considered for administrative settlement under the Federal Tort Claims Act, Title 28, United States Code, Section 2672 <u>et</u> <u>seq</u>., and authority granted by Title 28, Code of Federal Regulations, Section 0.172. Your client claims government liability in the amount of one hundred fifty thousand dollars and 00/100 ($150,000.00) for alleged personal injury.

Section 2672 of the Federal Tort Claims Act delegates to each Federal agency the authority to consider, determine and settle any claim for money damages against the United States for loss of personal property or injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment.

Your client alleges on November 20, 2005, he tripped on the edge of a step at the Federal Detention Center (FDC), in Oakdale, Louisiana, which caused him to fall and suffer fractures of the right tibia and right distal fibula. Your client claims FDC Oakdale staff subsequently failed to provide appropriate medical treatment for his injuries in a timely manner.

Because no evidence indicates that your client suffered any injuries caused by the negligent or wrongful acts or omissions of any Bureau of Prisons employee acting within the scope of his or her employment, your client's claim is denied.

Your client is advised that if he is dissatisfied with our determination in this matter, he is afforded six (6) months from

*Exhibit 2*

BEDIAKO, Albert
Reg. No. 23994-265
TRT-SCR-2006-01990
Page 2

the date of the mailing of this communication within which to bring suit in the appropriate United States District Court.

Sincerely,

Michael D. Hood
Regional Counsel

MDH/pi

cc: J. P. Young, Warden
    FCC Oakdale